FILED
2022 May-26  AM 10:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

PFE/CLC June 22
GJ#15

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **DEMETRIUS MICHELL, WILLIAM** | ) |
| **YOUNG, and BRENDA HARRIS,** | ) |
| | ) |
| **Defendants.** | ) |

## INDICTMENT

The Grand Jury charges that:

### BACKGROUND

1.    At all times relevant to this Indictment, Defendants **DEMETRIUS MITCHELL** and **WILLIAM YOUNG** were residents of the state of Texas.

2.    At all times relevant to this Indictment, Defendant **BRENDA HARRIS** was a resident of the state of Nebraska.

3.    At all times relevant to this Indictment, victim R.S. was a veteran-owned and operated company located in Tanner, Alabama.

4.    At all times relevant to this Indictment, a "money mule" is an individual that receives and moves money that comes from victims of fraud.

## COUNT ONE
## WIRE FRAUD CONSPIRACY
## (18 U.S.C. § 1349)

5.     From on or about July 2021 through September 8, 2021, in the Northern District of Alabama and elsewhere, Defendant

## DEMETRIUS MITCHELL

knowingly and willfully conspired and agreed, with other persons known and unknown to the Grand Jury, to commit the offense of wire fraud; that is, Defendant **MITCHELL** conspired to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute such scheme and artifice, to transmit and cause to be transmitted in interstate and foreign commerce certain wire communications.

### OBJECT OF THE CONSPIRACY

6.     It was the object of the conspiracy that Defendant **MITCHELL** and his co-conspirators would unjustly enrich themselves and each other from complex financial fraud schemes conducted via the internet, including fraudulent business email compromise ("BEC") schemes designed to deceive various victims into wiring payments to bank accounts controlled by Defendant **MITCHELL** and co-conspirators in the scheme.

2

### MANNER AND MEANS

7.      It was part of the conspiracy that Defendant **MITCHELL** and others would and did engage in fraud and business email compromise schemes using wire transfers.

8.      It was further part of the conspiracy that Defendant **MITCHELL** would and did incorporate a shell company called Marchio Logistics LLC using a fraudulent identity and stolen identification information.

9.      It was further part of the conspiracy that Defendant **MITCHELL** would and did open and cause to be opened a bank account in the name of Marchio Logistics LLC at Regions Bank ending in X7273 (hereinafter, the "Account"). Defendant **MITCHELL** used the stolen identity and personal information of C.M. to open the account. Defendant **MITCHELL** caused Regions Bank to list C.M. as the owner of the account, and C.M. was the only name on the bank's signature card.

10.     It was further part of the conspiracy that, after the bank accounts were opened, Defendant **MITCHELL**, and others known and unknown to the Grand Jury, would and did participate in a fraudulent scheme wherein spoofed emails were sent to victims, including R.S., that appeared to be from companies with whom the victims conducted business. In truth and fact, the emails sent by Defendant **MITCHELL** and his co-conspirators to the victims were not sent or authorized by the companies with whom the victims conducted business. Instead, the fraudulent

3

emails were sent from email accounts that were designed to create the false appearance that they were sent by companies with whom the victims conducted business. The fraudulent emails contained invoices that reflected wiring instructions directing the victims to wire funds to bank accounts that were, in fact, controlled by Defendant **MITCHELL** and others.

11.     It was a further part of the conspiracy that Defendant **MITCHELL** and his co-conspirators would and did convince the victims, including R.S., that the emails and invoices were genuine, and the victims should wire funds as directed in the emails and invoices.

12.     After the victims wired funds according to the fraudulent wiring instructions provided by Defendant **MITCHELL** and other participants in the scheme, Defendant **MITCHELL** would and did cause funds to be transferred, withdrawn, and laundered from his accounts, to hide the source or ultimate destination of the funds.

13.     To accomplish the object of the conspiracy, Defendant **MITCHELL** and his co-conspirators committed the following acts, among others, in furtherance of the conspiracy:

a.     In or about May 3, 2021, Defendant **MITCHELL** opened the Account at Regions Bank using fraudulent identification information belonging to C.M. After the Account was opened, Defendant **MITCHELL** provided the routing

and account number for the Account to a member or members of the conspiracy in furtherance of the scheme.

b.      On or about July 22, 2021, the office manager for R.S. received an email that appeared to contain an invoice from a vendor with whom R.S. had a legitimate business relationship. The invoice contained routing and account numbers for the Account.

c.      On or about July 22, 2021, R.S. submitted a wire transfer request in the amount of $98,300 to Regions Bank, located in the Northern District of Alabama, to be deposited into the Account.

d.      On or about July 22, 2021, Regions Bank completed the wire transfer to the Account.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
## MONEY LAUNDERING CONSPIRACY
## (18 U.S.C. § 1956(h))

### INTRODUCTION

14.     The allegations contained in Paragraphs One through 13 of this Indictment are adopted and incorporated as if specifically set forth herein.

15.     Beginning in at least July 2021, and continuing thereafter until at least September 2021, in the Northern District of Alabama and elsewhere, Defendants,

**DEMETRIUS MITCHELL, WILLIAM YOUNG,
and BRENDA HARRIS**,

5

did knowingly combine, conspire, and agree with each other, and with other persons known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Sections 1956 and 1957, to wit: to knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce that involved the proceeds of specified unlawful activity, that is, wire fraud in violation of Title 18, United States Code, Section 1343, with the intent to promote the carrying on of specified unlawful activity, that is, wire fraud in violation of Title 18, United States Code, Section 1343, while knowing that the transaction is designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), all in violation of Title 18, United States Code, Section 1956(h).

## MANNER AND MEANS

The manner and means by which the conspiracy was sought to be accomplished included, among others, the following:

16.    It was a part of the conspiracy that members of the conspiracy would and did seek out and identify potential money mules—both witting and unwitting—through the perpetuation of various online scams, including BECs. Co-conspirators would cause wire transfers to money mules in furtherance of the objectives to the conspiracy to transfer the proceeds of the scheme.

6

17.     It was a further part of the conspiracy that Defendants **MITCHELL**, **YOUNG**, and **HARRIS** would and did act as money mules, and would and did open, or cause to be opened, bank accounts for the purpose of receiving fraudulently obtained funds. Defendants **MITCHELL**, **YOUNG**, and **HARRIS** then would and did distribute fraudulently obtained funds to other accounts under Defendants' or co-conspirator's control.

18.     It was a further part of the conspiracy that members of the conspiracy would instruct money mules who received fraudulently obtained funds to forward most or all of the proceeds to other members of the conspiracy for further transfers, in order to hide the source and/or the ultimate destination of the funds.

19.     To accomplish the object of the conspiracy, co-conspirators committed the following acts, among others, in furtherance of the conspiracy:

a.      On or about May 3, 2021, Defendant **MITCHELL** opened the Account in the name of Marchio Logistics LLC.

b.      Defendant **MITCHELL** then provided the routing and account number for the Account to co-conspirators.

c.      On or about July 22, 2021, a co-conspirator sent an email to an employee at R.S., located in the Northern District of Alabama, that contained an invoice that requested payment of $98,300. The invoice appeared to be from a vendor with whom R.S. was in a legitimate business relationship. However, the

invoice reflected the routing and account number for the Account belonging to Defendant **MITCHELL**, and not the legitimate account of R.S.'s vendor.

d.     On or about July 22, 2021, R.S. sent a wire transfer of funds totaling $98,300 from its account at Regions Bank, located in the Northern District of Alabama, to the Account.

e.     On or about July 23, 2021, Defendant **MITCHELL** began withdrawing funds and purchasing cashier's checks from a Regions Bank branch in Houston, Texas, in large amounts. Specifically, on July 23, 2021, Defendant **MITCHELL** withdrew cash in the amount of $4,600. Defendant **MITCHELL** also purchased a cashier's check in the amount of $21,200 made payable to Fabrice Global LLC, and a second cashier's check in the amount of $26,400 made payable to Milo Logistics LLC.

f.     On or about July 26, 2021, Defendant **MITCHELL** used the debit card for the Account to conduct a transaction in the amount of $3,535 at H-E-B, a grocery store chain in the Texas market, known to have cryptocurrency kiosks used to convert funds to cryptocurrency that can be sent to third parties.

g.     On or about July 26, 2021, Defendant **MITCHELL** withdrew $503 from the Account from an ATM located in Houston, Texas.

8

h.    On or about July 26, 2021, Defendant **MITCHELL** used the debit card for the Account to complete two transactions totaling $2,003.00 each a H-E-B location in the Houston, Texas area.

i.    On or about July 26, 2021, Defendant **MITCHELL** purchased a cashier's check in the amount of $22,750.00 from Regions Bank in Houston, Texas, made payable to Milo Logistics LLC.

j.    On or about July 27, 2021, Defendant **MITCHELL** withdrew $5,000 in cash from the Account at a Regions Bank branch in Houston Texas. Defendant **MITCHELL** also purchased a cashier's check in the amount of $5,000 made payable to Fabrice Global LLC.

k.    On or about July 28, 2021, Defendant **MITCHELL** withdrew $503 from the Account from an ATM located in Houston, Texas.

l.    On or about July 28, 2021, Defendant **MITCHELL** used the debit card for the Account to complete two transactions at a H-E-B location in the Houston, Texas area, one totaling $1,603.00, and another in the amount of $2,803.00.

m.    On or about July 30, 2021, Defendant **MITCHELL** used the debit card for the Account to complete a transaction at a H-E-B in Katy, Texas, totaling $4,545.00.

n.      On or about July 30, 2021, Defendant **MITCHELL** completed an order of additional checks for the Account totaling $89.69.

o.      On or about September 7, 2021, a check on the Account was endorsed in favor of Defendant **BRENDA HARRIS** in the amount of $10,000 ("Check One").

p.      On or about September 7, 2021, Defendant **HARRIS** attempted to deposit Check One into her account at Security First Bank. The Bank refused to cash Check One.

q.      On or about September 13, 2021, a check on the Account was endorsed in favor of Defendant **WILLIAM YOUNG** in the amount of $9,720.51 ("Check Two").

r.      On or about September 15, 2021, Defendant **YOUNG** entered a branch location of Security Service FCU in San Antonio, Texas, and successfully deposited Check Two into his account at the bank.

All in violation of Title 18, United States Code, Section 1956(h).

### NOTICE OF FORFEITURE
### FIRST NOTICE OF FORFEITURE
### 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A) and 28 U.S.C. § 2461(c)

1.      The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures

pursuant to Title 18, United States Code, Section 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

2.      Pursuant to Rule 32.2(a) of the *Federal Rules of Criminal Procedure* and Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), Defendants,

**DEMETRIUS MITCHELL, WILLIAM YOUNG,
and BRENDA HARRIS**,

upon conviction of the offense in violation of Title 18, United States Code, Section 1349 set forth in Count One of this Indictment, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(c) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), any property, real or personal, that constitutes or is derived from, directly or indirectly, proceeds traceable to the commission of the said violation, including, but not limited to, the following:

## <u>JUDGMENT FOR PROCEEDS</u>

A sum of money equal to at least $98,300 in United States currency.

If any of the above-described forfeitable property, as a result of any act or omission of Defendants:

a.      cannot be located upon the exercise of due diligence;
b.      has been transferred or sold to, or deposited with, a third party;
c.      has been placed beyond the jurisdiction of the Court;
d.      has been substantially diminished in value; or
e.      has been commingled with other property that cannot be divided without difficulty;

11

The United States shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All in accordance with Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(A), and Title 28, United States Code, Section 2461, and Rule 32.2 of the *Federal Rules of Criminal Procedure*.

## SECOND NOTICE OF FORFEITURE
## 18 U.S.C.§ 982(a)(1)

1.      The allegations contained in Count Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1).

2.      Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of the offense charged in Count Two of this Indictment, Defendants,

### DEMETRIUS MITCHELL, WILLIAM YOUNG,
### and BRENDA HARRIS,

shall forfeit to the United States of America any property, real or personal, involved in such offense(s), and any property traceable to the commission of the said violations, including but not limited to, the following:

## JUDGMENT FOR PROCEEDS

A sum of money equal to at least $98,300 in United States currency.

If any of the property described above as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of Defendants:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the Court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property that cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of Defendants up to the value of the property described above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL.


*/s/ electronic signature*
_____
GRAND JURY FOREPERSON

                             PRIM F. ESCALONA
                             UNITED STATES ATTORNEY


                               */s/ electronic signature*
                            _____
                             CATHERINE CROSBY
                             Assistant United States Attorney